# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:18CR00018-004 |
| v.   ) | **OPINION** |
| ) | |
| **JESSICA DIXON,** ) | J‍UDGE J‍AMES P. J‍ONES |
| ) | |
| Defendant. ) | |

*Laura Day Taylor, Assistant United States Attorney, Roanoke, Virginia, for United States; Jessica Dixon, Pro Se Defendant.*

Jessica Dixon, a federal inmate sentenced by this court, has filed a pro se motion seeking to vacate her sentence pursuant to 18 U.S.C. § 2255. For the following reasons, the defendant's motion will be denied.

I.

After pleading guilty the defendant was sentenced on June 25, 2019, to a term of incarceration of 180 months for conspiring to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Her sentence consisted of two statutory mandatory minimum terms: 120 months for the drug charge and 60 months for the firearm charge. The defendant did not appeal.

In her motion, placed by her in the prison system for mailing on June 22, 2023, she asserts that her mandatory minimum sentence under § 924(c) should be vacated because she did not have a proper predicate conviction and her attorney was ineffective for not raising that issue. In its Motion to Dismiss, the government contends that the defendant's § 2255 claims should fail because they are untimely. Further, the government contends that she is ineligible for a sentence reduction under an amended Sentencing Guidelines provision due to her mandatory minimum sentences.

## II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitation period. This period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The defendant cites *United States v. Taylor*, 596 U.S. 845 (2022), as an intervening change in the law that supports the timeliness of her motion. In *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery does not qualify as a crime of violence. 596 U.S. at 860. But the defendant was not found to have a prior Hobbs Act conviction. The predicate in her case was a drug crime, not a crime of violence. Moreover, *Taylor* was issued more than one year before her habeas petition, though only by several days.

The defendant also contends that that a retroactive Sentencing Guidelines provision that govern first time offenders warrant a reduction in the defendant's sentence. But this argument is unavailing because the amended guideline has not changed the fact that the defendant is still subject to the mandatory minimum sentences, meaning that she would be ineligible for a reduction.

### III.

Considering the foregoing, I find that the defendant's § 2255 motion must be dismissed. A separate Final Order will be entered herewith.

-4-

DATED: February 9, 2024

/s/ JAMES P. JONES
Senior United States District Judge